UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD SATISH EMRIT, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES,<br><br>                              Defendant. | Case No. 2:14-cv-01761-GMN-PAL<br><br>ORDER<br><br>(IFP App – Dkt. ##1, 11, 12)<br>(Mtn to Vacate– Dkt. #22)<br>(Mtn to Reopen– Dkt. #23) |

This matter is before the court on Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez's Applications to Proceed in Forma Pauperis (Dkt. ##1, 11, 12), Motion to Vacate Order Dismissing Case (Dkt. #22), and Motion to Reopen Case (Dkt. #23).  Plaintiffs are proceeding in this action pro se.  This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and LR 1-4.  The court has considered the Applications and the Motions.

Plaintiffs submitted a Complaint, asserting various claims against Defendant Centers for Medicare and Medicaid ("CMS") on October 20, 2014.  Plaintiffs did not pay the required filing fee or file separate applications to proceed in forma pauperis in compliance with 28 U.S.C. § 1915(a)(1).  Accordingly, the court entered an Order (Dkt. #10) directing them to either pay the filing fee or file separate applications to proceed in forma pauperis.  In addition, the court denied various Motions (Dkt. ##4, 5, 6, 7, 8) without prejudice.  Plaintiffs complied and submitted the instant Applications.

Shortly thereafter, but before the court had ruled on the Applications, Plaintiffs filed a Notice of Appeal, seeking to appeal the undersigned's Order (Dkt. #10) because it was "clearly erroneous and an abuse of discretion   for the court to take an unreasonably long amount of time to rule on the summary judgment motion and/or serve process on the defendants [*sic*] in a timely

manner." Notice of Appeal (Dkt. #10). On February 25, 2015, the Ninth Circuit dismissed the appeal because the order challenged on appeal was not final or appealable. *See* Order of USCA (Dkt. #17); Order on Mandate of USCA (Dkt. #19); Mandate of USCA (Dkt. #20); Amended Order on Mandate of USCA (Dkt. #21).

I. **APPLICATIONS TO PROCEED IN FORMA PAUPERIS (DKT. ##11, 12)**

Plaintiffs have submitted the affidavits required by § 1915(a). The court will grant Leal-Mendez's Application and hold Emrit's in abeyance pending his response to an order to show cause entered today in this case.

II. **SCREENING THE COMPLAINT**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A. **Factual Allegations**

The Complaint alleges that Emrit suffers from the hepatitis C virus. Since he was diagnosed in July 2004, he has been trying to be treated with a six-month course of interferon and ribavirin by a gastroenterologist or hepatologist. Emrit alleges his doctor told him this treatment would make Emrit suicidal and suffer flu symptoms, and Emrit's doctor required Emrit's psychiatrist to approve the treatment regimen.

The Complaint also alleges that Leal-Mendez contracted a "mysterious sexually-transmitted parasite from a criminal recidivist named Willie Walker of Providence, RI." Complaint at ¶ 20. Walker's mother died from HIV. Leal-Mendez took a sample of a hemorrhage-like "bloody mucous discharge" from her vagina or uterus to her doctor, Dr. Lucia Dias-Hoff, who did not want to look at it.

### B. Plaintiffs' Claims for Relief

Plaintiffs allege Defendant CMS was negligent because it did not treat Emrit with interferon and ribavirin and because it did not treat Leal-Mendez for her mysterious parasitic infection. Plaintiffs allege Defendant CMS is liable for conversion because Plaintiffs paid monthly payments, but they were not treated for their ailments. Plaintiffs assert Defendant CMS's failure to treat is an intentional infliction of emotional distress, breach of contract. Plaintiffs allege claims arising out of the equal protection clauses and due process clauses of the Fifth and Fourteenth Amendments and the privileges and immunities clause of the Constitution. Additionally, the Complaint alleges Defendant CMS's failure to treat the Plaintiffs violates 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act. Plaintiffs seek $80,000 in damages.

### C. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is

still required after *Twombly* and *Iqbal*). For the reasons discussed below, the court finds the Complaint does not state a claim upon which relief can be granted.

### D. Analysis

#### 1. *The Complaint Does Not Satisfy the Pleading Standard in Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of a plaintiff's claims. It must set forth who is being sued, for what relief, and on what grounds, with enough detail to guide discovery. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Where multiple claims are brought, the complaint should identify which factual allegations give rise to each particular claim. *Id.* Here, the Complaint does not satisfy Rule 8's notice pleading standard. All of the claims reiterate the same language—namely, that Defendant CMS is liable for a particular claim because it failed to treat Plaintiffs' respective illnesses. There are no specific facts set forth to support any of the claims alleged—*i.e.*, when any of the alleged conduct occurred, what type of administrative remedies Plaintiffs sought, or whether Plaintiffs exhausted their administrative remedies. Neither does the Complaint state how Defendant CMS is liable for the conduct of Emrit's gastroenterologist or Leal-Mendez's doctor. To state a valid claim pursuant to Rule 8, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), *abrogated by Twombly*, 550 U.S. 544. The Complaint does not comply with Rule 8, and it does not state a claim on this basis alone.

#### 2. *Sovereign Immunity & Substantive Claims*

Even assuming the Complaint set forth sufficient factual allegations, it names the Centers for Medicare and Medicaid—a federal agency—as the sole Defendant. Absent an express waiver, the federal government and its agencies are immune from suit under the doctrine of sovereign immunity, and the court does not have jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

##### a. **42 U.S.C. § 1983 and Constitutional Tort Claims**

Plaintiffs cannot state a constitutional tort claim against Defendant CMS because it is an agency of the federal government. *Id.* at 486. First, Plaintiffs assert claims for violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendment pursuant to 42

- 4 -

U.S.C. § 1983. To properly state these claims, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)) (emphasis added). Here, the named Defendant is an agency of the federal government, and there are no state actors named in the complaint. The Complaint does not state a claim under § 1983 upon which relief can be granted.

### b. *Bivens* and Constitutional Tort Claims

Second, Plaintiffs cannot state a claim against Defendant CMS pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim differs from a § 1983 claim only because a federal, rather than a state, defendant is sued. *Id.* (citing *Kreines v. United States*, 959 F.2d 834, 837 (9th Cir. 1992)). The Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*. *See Meyer*, 510 U.S. at 485 (noting that purpose of *Bivens* remedy is to deter the federal officer, and allowing suits against the officer's employer would not promote the deterrence contemplated by *Bivens* because if suits against federal agencies were allowed, plaintiffs would never sue the individual officer). Accordingly, Plaintiffs cannot assert constitutional claims against the Defendant. The Complaint has, therefore, failed to state a *Bivens* claim.

### c. ADA and Title VII Claims

The Complaint does not state a claim under either the Americans with Disabilities Act or Title VII of the Civil Rights Act of 1964. Title I of the ADA prohibits public and private employers from discriminating against qualified individuals with disabilities in employment practices. *See Bass v. County of Butte*, 458 F.3d 978, 980 (9th Cir. 2006). Title VII allows a plaintiff to sue an employer for discrimination on the basis of race, color, religion, gender or national origin. *See* 42 U.S.C. § 2000e(b). Plaintiffs do not allege they are or were ever employed by Defendant CMS or that they exhausted administrative remedies before bringing these claims. In addition, they do not

allege that they were discriminated against in public accommodation in violation of Title III of the ADA. The Complaint does not state an ADA or Title VII claim.

### d. State Law Tort Claims / Federal Tort Claims Act Claims

The Complaint alleges claims for negligence, intentional infliction of emotional distress, conversion, and breach of contract against Defendant CMS, all of which are claims that arise under state law. Under the doctrine of supplemental jurisdiction, previously pendent jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Because the court finds the Complaint does not state a federal claim upon which relief can be granted, the court does not have supplemental jurisdiction over state claims arising under state law. Additionally, an agency of the fedral government is immune from state tort claims unless sovereign immunity has been waived. To the extent Plaintiffs are attempting to assert federal tort claims they have not stated that they have exhausted administrative remedies that are required under the Federal Tort Claims Act before bringing suit.

For the reasons explained above, the Complaint does not state a claim upon which relief can be granted. Normally, the court would direct the Clerk of Court to file it and would dismiss it with leave to amend. However, the court will direct the Clerk of Court to retain the Complaint until the court has reviewed Plaintiffs' responses to a separately entered order to show cause why they should not be barred from filing any further action in this court proceeding in forma pauperis without first obtaining permission from the court to file a complaint.

## II. PLAINTIFFS' PENDING MOTIONS

While Plaintiffs' Applications to Proceed In Forma Pauperis were pending, Plaintiffs filed the following motions: Motion to Vacate Order Dismissing Case (Dkt. #22) and Motion to Reopen Case (Dkt. #23). This case is not closed and there is no order dismissing the case to vacate. The motions are frivolous and are therefore denied.

Based upon the foregoing,

**IT IS ORDERED:**

1. Plaintiffs' first Application to Proceed in Forma Pauperis (Dkt. #1) is DENIED WITHOUT PREJUDICE.

2. Leal-Mendez's Application to Proceed in Forma Pauperis (Dkt. #12) is GRANTED. She shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

3. Leal-Mendez is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefore. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

4. Emrit's second-filed Application to Proceed in Forma Pauperis (Dkt. #11) is HELD IN ABEYANCE until the court has reviewed his response to an order to show cause entered today in this case.

5. The Clerk of the Court shall **RETAIN** the Complaint until the court has reviewed Plaintiffs' responses to a separately entered order to show cause.

6. The Motion to Vacate Order Dismissing the Case (Dkt. #22) and Motion to Reopen Case (Dkt. #23) are both DENIED, as this case is not closed, and there is no order dismissing the case to vacate.

Dated this 22nd day of April, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE