UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD SATISH EMRIT, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES,<br><br>　　　　　Defendant. | Case No. 2:14-cv-01761-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn for Voluntary Dismissal – Dkt. #29) |

This matter is before the Court on Plaintiff Ronald Satish Emrit's Response to the Court's Order to Show Cause (Dkt. #26), filed May 4, 2015.[1]  Also before the Court is Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez's Motion for Voluntary Dismissal (Dkt. #29).  This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  The Court has considered Emrit's Response and Plaintiffs' Motion and, therefore, issues the following Report of Findings and Recommendation.

## **BACKGROUND**

Plaintiffs submitted a Complaint (Dkt. #1-1) asserting various claims against the Centers for Medicare and Medicaid on October 20, 2014.  Plaintiffs did not pay the required filing fee or file separate applications to proceed *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915(a)(1).  Accordingly, the Court entered an Order (Dkt. #10) directing them to either pay the filing fee or file separate applications to proceed IFP.  In addition, the Court denied various Motions (Dkt. ##4, 5, 6, 7, 8) without prejudice.  Plaintiffs complied and submitted the Applications (Dkt. ## 11, 12).

---

[1]  The Response suggests that it belongs to Emrit alone.  Plaintiff Nicole Rocio Leal-Mendez is not mentioned therein and only Emrit signed the document.  A response to the Court's Show Cause Order was due May 22, 2015.  For the reasons stated below, the Court infers that Leal-Mendez did not respond.

1 Shortly thereafter, but before the Court had ruled on the Applications, Plaintiffs filed a
2 Notice of Appeal, seeking to appeal the undersigned's Order (Dkt. #10) because it was "clearly
3 erroneous and an abuse of discretion for the Court to take an unreasonably long amount of time
4 to rule on the summary judgment motion and/or serve process on the defendants [*sic*] in a timely
5 manner." Notice of Appeal (Dkt. #13). On February 25, 2015, the Ninth Circuit dismissed the
6 appeal because the challenged order was not final or appealable. *See* Order of USCA (Dkt. #17);
7 Order on Mandate of USCA (Dkt. #19); Mandate of USCA (Dkt. #20); Amended Order on
8 Mandate of USCA (Dkt. #21).

9 On April 22, 2015, the Court entered an Order to Show Cause (Dkt. #25) directing
10 Plaintiffs to file a response on or before May 22, 2015, showing why they should not be barred
11 from filing any further actions in this court proceeding IFP without first obtaining permission.
12 That same day, the Court entered an Order (Dkt. #24) denying Plaintiffs' Motion to Vacate
13 Order Dismissing Case (Dkt. #22) and Motion to Reopen Case (Dkt. #23) as procedurally
14 improper and frivolous. The Court also granted Leal-Mendez's Application to Proceed IFP (Dkt.
15 #12); held in abeyance Emrit's Application to Proceed IFP (Dkt. #11) pending his response to
16 the Order to Show Cause; and screened the Complaint (Dkt. #1-1). *See* Order (Dkt. #24).
17 Plaintiffs' Complaint failed to state a valid claim upon which relief may be granted. *Id*. Because
18 the Court directed Plaintiffs to show cause in writing as why they should not be declared
19 vexatious litigants, the Court directed the Clerk of Court to retain the Complaint pending a
20 review of Plaintiffs' response. *Id*.

21 As discussed below, Emrit's Response (Dkt. #26) directly addressed the Court's
22 instruction for him to show cause as to why sanctions should not be imposed pursuant to Rule 11
23 of the Federal Rules of Civil Procedure for filing a false IFP application. However, the Response
24 failed to address any of the Court's other concerns such as Plaintiffs' lengthy litigation history in
25 the District of Nevada, other federal district courts, and circuit courts of appeal; their pattern of
26 filing complaints that fail to state valid claims, frivolous motions, and meritless appeals; and
27 their non-compliance with court orders. The deadline to show cause in writing was May 22,
28 2015. *See* Order to Show Cause (Dkt. #25). The Court did not receive any additional response

from Plaintiffs.[2] Given their failure to respond as ordered and for the reasons discussed below, the undersigned will recommend that Plaintiffs be declared vexatious litigants and barred from filing any further actions in this court without first obtaining permission.

## **DISCUSSION**

### I.   SANCTIONS ARE NOT WARRANTED FOR EMRIT'S IFP APPLICATION

In addition to the vexatious litigant issue, the Order to Show Cause (Dkt. #25) instructed Emrit to show cause why sanctions should not be imposed pursuant to Rule 11 for filing a false IFP application. This was based on the Court's discovery that Emrit has submitted false IFP applications in this and other courts by failing to report all of his sources of income to avoid denial of his IFP applications. *See, e.g.*, *Emrit v. NIH*, 2:14-cv-01502-JCM-VCF (Emrit disclosed receiving royalties and a $31,000 inheritance in his application to proceed IFP). In his Response (Dkt. #26) to the Order to Show Cause, Emrit specifically addressed his IFP application. Emrit states that he received three lump sum payments from his aunt's estate prior to January 2014. The first and second inheritance payments of approximately $16,000.00 and $15,000.00 were made in or around January 2013 and August 2013, respectively. *Id*. at 2. The third and final inheritance payment of approximately $800.00 was made in or around January 2014. *Id*. Both Emrit's first IFP Application (Dkt. #1), filed October 20, 2014, and his second IFP Application (Dkt. #11), filed November 25, 2014, disclosed the third inheritance payment of $800.00, but not the first and second. Emrit's Response indicates that he had a good faith belief that he was only required to disclose the income from the $800.00 payment because one full calendar year had passed since he received the first and second inheritance payments before he filed his IFP Applications. Response (Dkt. #26) at 3. The IFP application form instructs

---

[2] Plaintiffs did, however, file *seven* additional motions, which only provide additional support for the Court's recommendation to impose pre-filing restrictions. In a separate order issued concurrently with this Report of Findings and Recommendation, the Court denied six of those motions as premature, procedurally improper, and frivolous: Motion to Request Civil Jury Trial Pursuant to Seventh Amendment (Dkt. #27), Motion for Nolle Prosequi (Dkt. #28), Motion to Have the Court Appoint Pro Bono Publico Attorney (Dkt. #30), Motion to Redact the FRCP Rule 59 Motion to Request a New Trial (Dkt. #31), Motion to Redact the FRCP Rule 60 Motion to Vacate the Dismissal Order (Dkt. #32), and Motion in Limine (Dkt. #34). The Court will address the one remaining motion, Plaintiffs' Motion for Voluntary Dismissal (Dkt. #29), below.

applicants to disclose the income received for the "past 12 months" along with the income sources. *See* IFP Applications (Dkt. ##1, 11). Accordingly, the Court is satisfied that sanctions are not warranted.

## II. PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (DKT. #29)

As a preliminary matter, the Court will address Plaintiffs' Motion for Voluntary Dismissal (Dkt. #29), filed May 4, 2015. Under Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the defendant serves either an answer or a motion for summary judgment. Rule 41(a)(1)(i) grants a plaintiff "an absolute right to dismiss without prejudice ... and requires no action on the part of the court." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008) (internal citation omitted). After a defendant files an answer or a motion for summary judgment, then the "action may be dismissed at the plaintiff's request *only by court order*." Fed. R. Civ. P. 41(a)(2) (emphasis added).

Although Plaintiffs' request to voluntarily dismiss this action was styled as a motion, Plaintiffs do not need a court order to do so because the Defendant has not filed an answer or summary judgment motion. Therefore, the Court will recommend that Plaintiffs' Motion for Voluntary Dismissal (Dkt. #29) be granted. However, the Court also notes that the timing of Plaintiffs' Motion for Voluntary Dismissal, which they filed shortly after the Court issued the Order to Show Cause, suggests that Plaintiffs may be trying to avoid sanctions and a designation as a vexatious litigant by voluntarily dismissing the underlying action. Even when a plaintiff voluntarily dismisses a case, this Court retains the inherent authority to issue orders on matters collateral to the merits of the underlying case and to conduct sanction proceedings and impose any sanction for abusive conduct authorized by the federal rules of procedure or federal statutes. *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (determination of a collateral issue, such as the imposition of Rule 11 sanctions, costs, and attorney's fees, "may be made after the principal suit has been terminated" under Rule 41(a)(1)(i)).[3] For the reasons

---

[3] *See also Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992) (holding that district court may impose sanctions for conduct that occurred during a proceeding in which the court ultimately lacked subject matter jurisdiction); *Lundahl v. Halabi*, 600 Fed. Appx. 596, 605–06, 2014 WL 8481105, at *5 (10th Cir.

- 4 -

discussed below, the Court will recommend that Plaintiffs be declared vexatious litigants and enjoined from submitting any future filings without permission.

### III. THE COURT RECOMMENDS THAT PLAINTIFFS BE DECLARED VEXATIOUS LITIGANTS

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Pursuant to the All Writs Act, a district court may order a person with lengthy histories of abusive litigation practices to obtain leave of the court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (citing *DeLong*, 912 F.2d at 1148). However, the Ninth Circuit has cautioned that vexatious litigant orders are an extreme remedy and should rarely be entered. *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523–26 (9th Cir. 1984)). This is because such an order restricts access to the courts, that is, the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

In order to declare a litigant vexatious and impose pre-filing restrictions, a federal district court must: (1) give the litigant notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;" (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Ringgold-Lockhart v. City of Los Angeles*, 761 F.3d 1057, 1062 (2014) (citing *DeLong*, 912 F.2d at 1147–48). The first and second of these

---

Dec. 3, 2014) (affirming district court's imposition of sanctions and a pre-filing order after plaintiff voluntarily dismissed the case under Rule 41(a)(1)); *Matthews v. Gaither*, 902 F.2d 877, 880–81 (11th Cir. 1990) (collecting cases); *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987).

1 requirements are procedural, while the "latter two factors ... are substantive considerations ... [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.* (citing *Molski*, 500 F.3d at 1058).

In applying the two substantive factors, the Ninth Circuit has held that a separate set of considerations provide "a helpful framework," including: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation—that is, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.*

### A.  Litigants' History of Litigation

The first consideration is the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits. *Id.* A vexatious suit is "a lawsuit instituted maliciously and without good cause." *Black's Law Dictionary* 1596 (8th ed. 2004). The court can consider several factors to determine whether a plaintiff's litigation history amounts to a pattern of harassing litigation, including the volume of lawsuits and filings. *DeLong*, 912 F.2d at 1148. The record must show, at a minimum, that a litigant's conduct is "numerous or abusive." *Id.* Although litigiousness alone is insufficient to justify a filing restriction, the court may infer that it indicates an intent to harass. *See Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004).

In the Order to Show Cause (Dkt. #25), the Court took judicial notice of all filings on record in Plaintiffs' actions in the District of Nevada, as well as the sixty-four cases in federal district courts and thirty-nine appeals in federal circuit courts nationwide. *Id*. at 3–6. Rule 201 of the Federal Rules of Evidence provides for judicial notice of adjudicative facts that are, among other things, "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." All of these cases are available on the federal judiciary's

1  Public Access to Court Electronic Records system, commonly known as "PACER." Judicial
2  notice is properly taken of proceedings in other courts if those proceedings have a direct relation
3  to matters at issue. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6
4  (9th Cir. 2006) (taking judicial notice of court filings from other federal court proceedings as
5  matters of public record). Judicial notice is appropriate in this action because Plaintiffs'
6  litigation history is relevant to evaluating litigiousness and the proceedings and filings are readily
7  verifiable.

### *1.     Plaintiffs' History in the District of Nevada*

Plaintiffs have filed eight cases in the District of Nevada since September 2014: *Emrit v. United States Postal Service (USPS)*, 3:14-cv-00534-RCJ-WGC; *Emrit v. National Institutes of Health*, 2:14-cv-01502-JCM-VCF; *Emrit v. Federal Election Committee*, 2:14-cv-01517-APG-PAL; *Emrit v. Sandoval*, 2:14-cv-01759-APG-NJK; *Emrit v. Social Security Administration*, 2:14-cv-01760-GMN-PAL (this case); *Emrit v. Centers for Medicare and Medicaid Services (CMS)*, 2:14-cv-01761-GMN-PAL; *Leal v. Ferrini*, 2:14-cv-01524-APG-PAL[4]; and *Emrit v. Winter Music Conference, et al.*, 2:15-cv-00164-RCJ-PAL.

Plaintiffs' cases in this district tend to follow the same filing pattern. For example, in Case Numbers 14-cv-01524-APG-PAL; 2:14-cv-01759-APG-NJK; 2:14-cv-1517-APG-PAL; and 3:14-cv-00534-RCJ-WGC, Plaintiffs filed IFP applications, along with multiple other motions, including among others, motions to compel, motions for preliminary injunction, motions to subpoena witnesses, and motions for summary judgment. After approving the IFP applications, the court screened the complaints, finding they did not state a claim upon which relief could be granted and directed Plaintiffs to file amended complaints. In addition, the court denied the pending motions without prejudice. Instead of complying with the order and filing the appropriate amended complaints, Plaintiffs appealed the court's orders to the Ninth Circuit. The Ninth Circuit dismissed each of those appeals for lack of jurisdiction. Then, instead of filing

///

---

[4] In 2:14-cv-01524-APG-PAL, Plaintiff Leal-Mendez presents herself as "Nicole R. Leal." However, after comparing the information submitted as part of the IFP Applications in each case, it is clear that that "Nicole Rocio Leal-Mendez" and "Nicole R. Leal" are the same individual.

the amended complaints as the court initially directed, Plaintiffs filed motions to reopen the case and motions to vacate order dismissing the case.

Similarly, in this case, 2:14-cv-01761-GMN-PAL, and in 2:14-cv-01760-GMN-PAL, Plaintiffs failed to file separate IFP applications, requiring this Court to enter an order directing them to do so and denying the pending motions without prejudice.  The Plaintiffs complied and filed separate applications, but before the Court reviewed the IFP applications, Plaintiffs appealed the original orders to the Ninth Circuit.  The Ninth Circuit dismissed those appeals, and Plaintiffs filed the same motions to reopen the case and motions to vacate order dismissing the case.

In Case Numbers 2:15-cv-00164-RCJ-PAL and 2:14-cv-01502-JCM-VCF, Emrit is the sole Plaintiff, and his IFP applications were denied.  Case Number 2:15-cv-00164-RCJ-PAL was transferred to this district from the Southern District of Florida.  Before transfer, Judge Bloom did not direct Emrit to pay the filing fee, but ordered him on three occasions to perfect service or show cause why the case should not be dismissed.  Judge Bloom denied Emrit's request for the U.S. Marshal's Service ("USMS") to serve the complaint and denied Emrit's request to serve by publication.  After transfer, this court directed Emrit to show cause why he had not complied with Judge Bloom's previous orders.  Plaintiff responded that he is indigent and needs the USMS to serve his complaint.  He then filed a motion in limine.

In 2:14-cv-01502-JCM-VCF, Magistrate Judge Ferenbach entered a Report of Findings and Recommendation that Emrit's IFP application be denied and that Emrit be required to pay the filing fee. Emrit objected to the Report of Findings and Recommendation and filed a motion for preliminary injunction, motion for declaratory judgment, motion for summary judgment, motion for default judgment, a motion for a Rule 16 hearing, and a motion in limine.  Before the court ruled on any of these pending matters, Emrit filed a notice of appeal related to his still-pending motion for summary judgment.  The Ninth Circuit dismissed the appeal, and the district judge adopted the Report of Findings and Recommendation and denied the pending motions.  Emrit filed the same motions to reopen case and motion to vacate the order dismissing the case.

/ / /

Finally, in 2:14-cv-01524-APG-PAL, although Leal-Mendez is the only named Plaintiff in the complaint, Emrit attempted to appear on her behalf as a guardian ad litem. Like the cases discussed above, Plaintiffs engaged in a similar pattern in this case. When the court did not immediately rule on Leal-Mendez's IFP application, she began filing multiple frivolous motions, including a motion to correct the caption, motion for joinder of party, motion for intervention, motion to compel discovery, motion for preliminary injunction, motion for declaratory judgment, motion to subpoena witnesses, motion for summary judgment, and motion to amend or correct complaint. This Court entered an order allowing Plaintiff to proceed IFP, screened and dismissed the complaint with leave to amend, and denied the various motions without prejudice. Instead of filing an amended complaint, Leal-Mendez filed a motion for the undersigned to recuse, a motion to vacate, a motion to incorporate by reference, a motion for clarification, and a motion in limine. On the same day, she also appealed the undersigned's order.

Two days later, on January 14, 2015, she filed a pre-petition writ of replevin, a motion to serve by publication, a motion to have the clerk mail Emrit an IFP application, a motion to compel arbitration, a motion to change venue, a motion to remove the case to state court, an emergency motion to extend time, a motion to appoint a master or new magistrate judge, a motion to appoint Emrit as Leal-Mendez's guardian ad litem. The district judge held a hearing on January 28, 2015, ruled on the various pending motions, and allowed Leal-Mendez an extension of time to file an amended complaint. She did not file an amended complaint. The Ninth Circuit dismissed Leal-Mendez's appeal, and she filed a motion to reopen the case, a motion to vacate the court's order dismissing the case, and a motion to consolidate.

### 2. *Plaintiffs' History in Other Federal District Courts and Circuit Courts of Appeal*

Not only have Emrit and Leal-Mendez filed a substantial number of frivolous lawsuits in this district, but also nationwide. An online search of PACER reveals that since 2013, Emrit has filed 73 cases in federal district courts and 49 appeals in federal circuit courts nationwide. *See* Spreadsheets of Emrit PACER Search on June, 11, 2015, attached as Exhibit A and Exhibit B. In addition, Emrit has filed three new district court cases in the District of Utah, District of

- 9 -

Arizona, and Eastern District of Kentucky in the short time since this Court issued the Order to Show Cause. *See* Exhibit A. In February of this year, U.S. District Judge Sam Sparks in Western District of Texas entered an order noting that at least 47 of Emrit's cases were dismissed as meritless and declaring Emrit a vexatious litigant. *See* 2:14-cv-01760-GMN-PAL, Notice of Order (Dkt. #15) (Feb. 4, 2015 Order filed in 1:14-cv-00392-SS, collecting cases and barring Emrit from filing additional lawsuits in that district without first obtaining leave of court). As of the date of this Report of Findings and Recommendation, only 10 of the 73 district court cases, and only three of the 49 appeals filed by Emrit remain pending. The remainder were dismissed.

Similarly, Leal-Mendez has filed 16 cases in federal district courts and eight appeals, predominately in the District of Nevada and the Ninth Circuit, but also elsewhere. *See* Spreadsheets of Leal-Mendez PACER Search on June, 11, 2015, attached as Exhibit C and Exhibit D. In many of these cases, Emrit is a co-plaintiff. Since this Court issued the Order to Show Cause, Leal-Mendez has also filed a new district court case in the Middle District of North Carolina. *See* Exhibit C. As of the date of this order, seven of Leal-Mendez's district court cases and one appeal are pending.[5] In sum, the record in these actions patently demonstrates that Plaintiffs' vexatious conduct is both abusive and numerous. Accordingly, the Court finds that Plaintiffs' numerous meritless lawsuits and the voluminous filings in those actions show a litigation history amounting to a pattern of harassing litigation.

### B.     Litigants' Motive

The second factor for consideration is Emrit and Leal-Mendez's motive in bringing these suits. *Ringgold-Lockhart*, 761 F.3d at 1062. Although filing motions and lawsuits is not *per se* vexatious, Leal-Mendez and Emrit have engaged in a pattern of frivolous litigious conduct. Emrit has already been barred from filing lawsuits in the Western District of Texas and the Southern District of New York. *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, A-14-CA-392-SS, 2015 WL 518774 (W.D. Tex. Feb. 4, 2015); *Emrit v. AOL Time Warner, Inc.*, 1:14-cv-00314-LAP (S.D.N.Y. Feb. 14, 2014).

---

[5] Notably, of the eight cases Plaintiffs have filed in the District of Nevada, only two remain open: this case, 2:14-cv-01761-GMN-PAL, and 2:14-cv-01760-GMN-PAL. Plaintiffs have filed motions for voluntary dismiss in both cases. Thus, all eight cases will soon be closed.

### C. Representation by Counsel

The third factor for consideration is whether or not Emrit and Leal-Mendez are represented by counsel. *Ringgold-Lockhart*, 761 F.3d at 1062. Although courts are generally protective of pro se litigants, this same protection does not apply to litigants represented by counsel. *Mandarin Touch Rest.*, 347 F. Supp. 2d at 864. Emrit and Leal-Mendez have not retained counsel; however, Emrit represents that he graduated from the Saint Thomas University School of Law in Miami Gardens, Florida. The Court concludes that this factor is neutral.

### D. Burden on the Courts

The fourth factor for consideration is whether Leal-Mendez and Emrit have caused needless expense to other parties or unnecessarily burdened the courts. *Ringgold-Lockhart*, 761 F.3d at 1062. Emrit and Leal-Mendez's voluminous filings in twenty-five separate federal district courts and ten different circuit courts, as described herein and in the Order to Show Cause (Dkt. #26), have caused the court to expend a huge amount of judicial resources to the detriment of other litigants who need and deserve the Court's attention. This factor weighs against Plaintiffs.

### E. Adequacy of Other Sanctions

The fifth and last factor for consideration is whether sanctions other than a pre-filing order could adequately protect the court and other parties. Plaintiffs' continued filing of frivolous litigation in this district is an abusive litigation practice that has interfered with the Court's management of its docket, wasted judicial resources, and threatened the integrity of the orderly administration of justice. Emrit and Leal-Mendez have both been repeatedly warned about filing meritless and frivolous claims by many other federal district courts and appellate courts. As demonstrated by Plaintiffs' national filing history, those warnings have had no effect. Emrit and Leal-Mendez have abused the IFP process and clogged twenty-seven different federal district courts and ten federal circuit courts with meritless litigation.

Although Emrit and Leal-Mendez were given an opportunity to respond to the Order to Show Cause (Dkt. #25) on or before May 22, 2015, to show why they should not be declared vexatious litigants, they chose not to do so. *See* Response (Dkt. #26). Instead, Emrit used his

Response only to show why he should not be sanctioned regarding his IFP Applications. *Id*. Plaintiffs did not submit any additional response, and the deadline to show cause has now passed. Accordingly, the Court has concluded that the only way to effectively stop these Plaintiffs from their ubiquitous and frivolous filings is to require them to seek leave of the court before filing a new action.

### F. Pre-Filing Procedure

If a litigant is deemed vexatious, he or she will be enjoined from filing any further action or papers in this District of Nevada without first obtaining leave of the Chief District Judge. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by *any court*; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he or she has conducted a reasonable investigation of the facts and such investigation supports the claim or claims. The court may, in its discretion, order that a short evidentiary hearing be held to probe the sufficiency of the allegations. A copy of the order deeming the litigant vexatious must be attached to any application. Failure to fully comply will be sufficient grounds for denial of the application. *De Long v. Hennessey*, 912 F.2d 1144, 1146–47 (9th Cir. 1990).

Based upon the foregoing,

**IT IS RECOMMENDED:**

1. Plaintiff Ronald Satish Emrit's Motion for Voluntary Dismissal (Dkt. #29) be GRANTED.
2. Plaintiff Ronald Satish Emrit's Application to Proceed in Forma Pauperis (Dkt. #11) be DENIED.
3. Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez be declared vexatious litigants pursuant to 28 U.S.C. § 1651(a), and be ENJOINED and PROHIBITED from filing any complaint, petition, or other document in this court without first obtaining leave of this court.

///

4. The Court enter an order stating that if Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez intend to file any papers with the court they must first seek leave of the Chief District Judge of this court in accordance with the procedure outlined above.

5. The Clerk of Court be authorized to reject and refuse to file, and/or discard any new complaint, petition, document on a closed case, or any other document submitted in violation of the Order.

6. The Clerk of the Court be instructed to send a copy of this order to each federal circuit court of appeals and federal district court in which Plaintiffs have pending cases: the Sixth Circuit Court of Appeals (Case No. 14-06484); Ninth Circuit Court of Appeals (Case No. 14-17253); Eleventh Circuit Court of Appeals (Case No. 14-15139); District of Rhode Island (Case No. 1:2014-cv-00106); Northern District of Texas (Case No. 3:2014-cv-03844); Eastern District of Virginia (Case No. 1:2014-cv-01612); Middle District of Louisiana (Case No. 3:2014-cv-00608); District for the District of Columbia (Case No. 1:2014-cv-02083); Middle District of North Carolina (Case No. 1:2015-cv-00374); District of Utah (Case No. 2:2015-cv-00366); District of Arizona (Case No. 2:2015-cv-00936); and Eastern District of Kentucky (Case No. 5:2015-cv-00155).

Dated this 15th day of June, 2015.

PEGGY A. LEEN  
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific*

1   *written objections* together with points and authorities in support of those objections, within
2   fourteen days of the date of service of the findings and recommendations.  The document should
3   be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties
4   are advised that failure to file objections within the specified time may waive the right to appeal
5   the district court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and
6   authorities filed in support of the specific written objections are subject to the page limitations
7   found in LR 7-4.