**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ronald Satish Emrit, *et al.*, | ) |
|                     Plaintiffs, | ) Case No.: 2:14-cv-1761-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| Centers for Medicare and Medicaid Services (CMS), | ) |
|                     Defendant. | ) |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 36), of United States Magistrate Judge Peggy A. Leen, to which *pro se* Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez filed an Objection, (ECF No. 37).[1]

As discussed by Judge Leen, Plaintiffs have collectively filed over six dozen lawsuits in courts around the country, and have filed numerous frivolous motions in this case. (R&R 1:20-2:20). Based on their history of abusive litigation practices in this and other courts, Judge Leen recommends that Plaintiffs be declared vexatious litigants. (*Id.* 12:24-27).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

In their Objection, Plaintiffs admit that they have filed "numerous lawsuits across the

---

[1] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

country," but argue that they should not be deemed vexatious litigants, because they have been "looking for a liberal court to lend a sympathetic ear with regard to the Plaintiffs' plight and financial woes caused by a long history of bad luck and a series of unfortunate events." (Pls.' Obj. ¶ 1). While Plaintiffs may believe themselves to be merely unlucky, the Court cannot disagree with Judge Leen's conclusion that Plaintiff Emrit's filing 73 cases and Plaintiff Leal-Mendez's filing 16 cases in courts across the country is extraordinarily excessive, and has caused a significant burden upon the courts that warrants a severe sanction.

Plaintiffs conclusorily state that the numerous lawsuits they have filed have not been "frivolous, malicious, or non-meritorious." (*Id.* at p. 3). However, the sheer volume of suits as well as Plaintiffs' admission that their repeated filings are merely an attempt to find a favorable court are a clear indication that Plaintiffs' filings were not made in good faith. Therefore, upon reviewing the matters underlying the R&R de novo, the Court agrees with Judge Leen's finding that Plaintiffs' continued filing of frivolous motions and actions "is an abusive litigation practice that has interfered with the Court's management of its docket, wasted judicial resources, and threatened the integrity of the orderly administration of justice." (R&R 11:18-21). Thus, the Court will adopt Judge Leen's R&R.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 36), is **ACCEPTED and ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Voluntary Dismissal, (ECF No. 29), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Emrit's Application to Proceed in Forma Pauperis, (ECF No. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez are declared vexatious litigants pursuant to 28 U.S.C. § 1651(a), and are

**ENJOINED and PROHIBITED** from filing any complaint, petition, or other document in this Court without first obtaining leave.

**IT IS FURTHER ORDERED** that if Plaintiffs Ronald Satish Emrit and Nicole Rocio Leal-Mendez intend to file any papers with the Court, they must adhere to the following procedure:

(1) The litigant must file an application for leave with the Chief District Judge. The application must be supported by a declaration of the litigant stating:

(A) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court;

(B) that the claim or claims are not frivolous or made in bad faith; and

(C) that the litigant has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.

(2) A copy of this Order must be attached to the litigant's application for leave.

**IT IS FURTHER ORDERED** that the Clerk of Court is authorized to refuse to file and/or discard any new complaint, petition, document on a closed case, or any other document submitted in violation of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order, as well as Judge Leen's R&R, (ECF No. 36), to each federal circuit court of appeals and federal district court in which Plaintiffs have pending cases: the Sixth Circuit Court of Appeals (Case No. 14-06484); Ninth Circuit Court of Appeals (Case No. 14-17253); Eleventh Circuit Court of

Appeals (Case No. 14-15139); District of Rhode Island (Case No. 1:2014-cv-00106); Northern District of Texas (Case No. 3:2014-cv-03844); Eastern District of Virginia (Case No. 1:2014-cv-01612); Middle District of Louisiana (Case No. 3:2014-cv-00608); District for the District of Columbia (Case No. 1:2014-cv-02083); Middle District of North Carolina (Case No. 1:2015-cv-00374); District of Utah (Case No. 2:2015-cv-00366); District of Arizona (Case No. 2:2015-cv-00936); and Eastern District of Kentucky (Case No. 5:2015-cv-00155).

The Clerk shall enter judgment accordingly and close the case.

**DATED** this __14__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court